UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **STANLEY FORD,** individually, and on behalf of all others similarly situated, 24700 Ridge Line Drive Bedford Heights, OH 44146<br><br>Plaintiff,<br><br>v.<br><br>**CITIZENS BANK, N.A.,**<br>**d/b/a Citizens One Home Loans**<br>c/o Corporate Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>Defendant. | Case No.<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Stanley Ford ("Plaintiff"), individually, and on behalf of all others similarly situated, and for his Class Action Complaint against Defendant Citizens Bank, N.A. ("Citizens" or "Defendant") states:

**PARTIES, JURISDICTION, AND VENUE**

1.  Plaintiff is a natural person residing in Cuyahoga County, Ohio.

2.  Citizens is an incorporated business under the laws of the State of Rhode Island which does business in Ohio as a licensed foreign corporation. Citizens's registered agent in Ohio is Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

3.  Citizens does business using the trade name "Citizens One Home Loans."

4. Jurisdiction over the claims against Citizens is conferred by 28 U.S.C. § 1331 as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act ("DFA") and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA").

5. This action is brought to enforce regulations promulgated by the Consumer Financial Protection Bureau ("CFPB") that became effective on January 10, 2014, specifically, 12 CFR §§ 1024.35 and 1024.36 of Regulation X.

6. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

### THE REAL ESTATE SETTLEMENT PROCEDURES ACT AND REGULATION X

7. The Real Estate Settlement Procedures Act ("RESPA")—12 U.S.C. §§ 2601, *et seq.*—permits a borrower (or an agent of a borrower) to submit a "qualified written request" to the servicer of the borrower's "federally related mortgage loan."[1]  12 U.S.C. § 2605(e)(1).  In sending a QWR to a servicer, a borrower can either request information from the servicer, or assert that the borrower's account is in error.  12 U.S.C. § 2605(e)(1)(B)(ii).

8. RESPA provides that "not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request… the servicer shall:" (a) "make appropriate corrections in the account of the borrower;" (b) "provide the borrower with…a statement of the reasons for which the servicer believes the account of the borrower is correct;" or (c) "provide the borrower with a written explanation or clarification that includes" the "information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer."  12 U.S.C. § 2605(e)(2).

---

[1] Hereinafter, these "qualified written requests" shall be referred to as "QWRs."

9. In January 2013, the Consumer Finance Protection Bureau ("CFPB") issued a number of final rules concerning mortgage markets in the United States, pursuant to the authority granted by the Dodd-Frank Wall Street Reform and Consumer Protection Act—Public Law No. 111-203, 124 Stat. 1376 (2010)—which amended RESPA.

10. The CFPB's RESPA Mortgage Servicing Final Rules—known as "Regulation X" and codified as 12 CFR § 1024.1, *et seq.*—were issued on January 17, 2013, and became effective on January 10, 2014.

11. Through Regulation X, the CFPB has provided guidance for the interpretation of certain RESPA provisions, including servicers' duties when responding to borrowers' QWRs.

12. To that end, Regulation X separates QWRs into two primary categories—Requests for Information ("RFIs") and Notices of Error ("NOEs")—and sets forth the requirements with which servicers must comply relative to each.

13. QWRs that request information from servicers fall within Regulation X's definition of RFIs, and servicers "must comply with all requirements applicable to" RFIs, as set forth in 12 CFR § 1024.36. *See* 12 CFR § 1024.36(a).

14. Specifically, 12 CFR § 1024.36(d)(1) provides that a servicer must respond to an RFI by either "providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing" or "conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance."

15. Notwithstanding the foregoing, Regulation X provides for certain exceptions to servicers' obligations to respond to RFIs. For example, 12 CFR § 1024.36(f)(1) provides that a servicer does not have to comply with 12 CFR § 1024.36(d) if the request seeks substantially the same information as a prior request, the information sought is confidential, proprietary, or privileged, the information is not directly related to the borrower's specific mortgage loan account, or the request is overbroad or unduly burdensome.

16. If a servicer determines that it is exempted from responding to an RFI, pursuant to 12 CFR § 1024.36(f)(1), Regulation X requires the servicer to "notify the borrower of its determination in writing not later than five days (excluding legal public holidays, Saturdays, and Sundays) after making such determination," setting forth the specific "basis under paragraph (f)(1) of this section upon which the servicer has made such determination." 12 CFR § 1024.36(f)(2).

17. In contrast to RFIs, QWRs that assert errors relating to the servicing of borrowers' mortgage loans fall within Regulation X's definition of NOEs, and servicers "must comply with all requirements applicable to" NOEs, as set forth in 12 CFR § 1024.35. *See* 12 CFR § 1024.35(a).

18. Specifically, 12 CFR § 1024.35(e)(1) provides, in relevant part, that a servicer must respond to an NOE by either "correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction" or "conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred."

19. Notwithstanding the foregoing, Regulation X provides for certain exceptions to servicers' obligations to respond to NOEs. For example, 12 CFR § 1024.35(g)(1) provides that a

servicer does not have to comply with 12 CFR § 1024.35(e) if the NOE asserts an error that is substantially similar to an error that the servicer has previously adequately addressed, the NOE is so vague that the servicer cannot reasonably determine the specific error being asserted, or the servicer no longer services the loan, such that the NOE is untimely.

20. If a servicer determines that it is exempted from responding to an NOE, pursuant to 12 CFR § 1024.35(g)(1), Regulation X requires the servicer to "notify the borrower of its determination in writing not later than five days (excluding legal public holidays, Saturdays, and Sundays) after making such determination," setting forth the specific "basis under paragraph (g)(1) of this section upon which the servicer has made such determination." 12 CFR § 1024.35(g)(2).

## STATEMENT OF FACTS

21. Citizens is a mortgage "servicer" as that term is defined by 12 CFR § 1024.2(b) and 12 U.S.C. § 2605(i)(2). Citizens is the current servicer of Plaintiff's and Class (defined below) members' notes, and mortgages on real property that secure those notes (collectively referred to hereinafter as the "loans").

22. Plaintiff's and Class members' loans are each a "federally related mortgage loan" as said term is defined by RESPA and Regulation X. 12 U.S.C. § 2602(1); 12 CFR § 1024.2(b).

23. As such, Citizens is subject to the requirements of RESPA and Regulation X, and does not qualify for the exception for "small servicers"—as defined by 12 CFR § 1026.41(e)(4)—nor for the exemption for a "qualified lender"—as defined by 12 CFR § 617.700.

24. Plaintiff and Class members submitted one or more QWRs—as defined by 12 U.S.C. § 2605(e)(1)(B)—to Citizens. Plaintiff's and Class members' QWRs were either RFIs— as defined by 12 CFR § 1024.36(a)—or NOEs—as defined by 12 CFR § 1024.35(a).

25. In response to Plaintiff's and Class members' QWRs, Citizens replied with form letters directing the borrower to contact Citizens's foreclosure attorneys in order to obtain the requested information and documents. Citizens did not otherwise make a substantive response to the borrowers' QWRs.

26. 12 CFR § 1024.36(f)(1) and 12 CFR § 1024.35(g)(1) set forth certain exceptions to Citizens's requirement to respond to Plaintiff's and Class members' RFIs and NOEs. However, directing Plaintiff and Class members to contact Citizens's foreclosure attorneys in order to obtain the requested information and documents is not a permissible exception to Citizens's obligation to respond to QWRs, RFIs, and NOEs under RESPA and Regulation X.

27. As such, Citizens failed to provide adequate responses to Plaintiff's and Class members' RFIs and NOEs.

28. Specifically, relative to Plaintiff and members of the Class who submitted QWRs in the form of RFIs, Citizens did not provide any of the requested information or documentation pertaining to the specific information sought in those RFIs, as required by 12 CFR § 1024.36 and 12 U.S.C. § 2605(e)(2)(C)(i).

29. Similarly, relative to Plaintiff and members of the Class who submitted QWRs in the form of NOEs, Citizens did not correct any errors or conduct any investigation into the errors asserted in those NOEs, as required by 12 CFR § 1024.35 and 12 U.S.C. § 2605(e)(2)(A) and (B).

30. Because Citizens "failed to do that which it was obligated to do [under RESPA]" the time and expense associated with Plaintiff's and Class members' submission of QWRs to Citizens "metamorphosed into damages." *Marais v. Chase Home Fin., LLC*, 24 F.Supp.3d 712, 728 (S.D. Ohio 2014); *Justice v. Ocwen Loan Servicing*, 2015 WL 235738, at *19 (S.D. Ohio

2015); *McMillen v. Resurgent Capital Services, L.P.*, 2015 WL 5308236, at *10 (S.D. Ohio 2015); *Dale v. Selene Fin. LP*, 2016 WL 6024580, at *3 (N.D. Ohio 2016). As such, Plaintiff and Class members were harmed by Citizens's failure to adequately respond to their RFIs and NOEs, which constitutes a recoverable damage.

31. In addition, because they did not receive sufficient responses to their initial QWRs, Plaintiff and members of the Subclass (defined below) sent subsequent NOEs—pursuant to 12 U.S.C. § 2605(e)(1) and 12 CFR § 1024.35(b)(11)—to Citizens concerning Citizens's insufficient responses to Plaintiff's and Subclass members' initial QWRs.

32. Had Citizens adequately responded to Plaintiff's and Class members' initial QWRs pursuant to its obligations under RESPA and Regulation X, Plaintiff and Class members would not have needed to send subsequent NOEs regarding Citizens's erroneous assertion that Plaintiff and Class members had to contact Citizens's foreclosure attorneys in order to obtain the requested information and documents.

33. As such, in addition to being damaged by Citizens's failure to adequately respond to their initial QWRs, Plaintiff and Subclass members are further damaged because they were required to incur the expenses associated with sending subsequent NOEs, such as their time, postage, etc.

34. As a majority of homeowners sending QWRs are involved in defending against foreclosure, accepting this kind of conduct would allow creditors to hide behind the foreclosure process to unlawfully extinguish their RESPA and Regulation X obligations.

35. Plaintiff and Class members are asserting claims for relief against Citizens for breach of the duties owed to them, pursuant to 12 U.S.C. § 2605(e), 12 CFR § 1024.35, and 12 CFR § 1024.36.

36. Plaintiff and Class members have a private right of action, pursuant to 12 U.S.C. § 2605(f), for the claimed breaches, and RESPA provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

## FACTS RELEVANT TO PLAINTIFF

37. On or about March 13, 2018, Plaintiff, by and through counsel, sent two (2) RFIs to Citizens via Certified Mail (*See*, RFIs sent from Plaintiff to Citizens, attached hereto as Exhibits A and B, respectively).

38. On April 18, 2018, Citizens responded ("Response") to Plaintiff's RFIs stating, "We are responding to your letter which we received on March 19, 2018. For more information and documentation regarding the loan, please contact our foreclosure attorneys…. They will be able to further assist you with questions in regards to the account." (*See*, Citizens's Response to Plaintiff's RFIs, attached hereto as Exhibit C).

39. Because Citizens "failed to do that which it was obligated to do [under RESPA]" the time and expense associated with Plaintiff's submission of his RFIs to Citizens "metamorphosed into damages." *E.g.*, *Marais*, 24 F.Supp.3d at 728. As such, Plaintiff was harmed by Citizens's failure to adequately respond to his RFIs, which constitutes a recoverable damage.

40. Since Plaintiff did not receive the information requested in his RFIs, Plaintiff, by and through counsel, sent two separate NOEs to Citizens on May 8, 2018, one NOE for each of the two RFIs to which Citizens failed to properly respond. (*See*, NOEs sent from Plaintiff to Citizens, attached hereto as Exhibits D and E, respectively).

41. To date, neither Citizens, nor counsel for Citizens, has provided any other follow-up to Plaintiff's RFIs or NOEs.

42. Had Citizens adequately responded to Plaintiff's RFIs, Plaintiff would not have needed to send subsequent NOEs to Citizens. Citizens's failure to adequately respond to Plaintiff's RFIs caused him to incur additional costs—such as postage and attorneys' fees—relative to sending his NOEs. These additional costs related to Plaintiff's NOEs are also a recoverable damage.

## CLASS ACTION ALLEGATIONS

43. Class Definition: Plaintiff brings this action on behalf of a class of similarly situated individuals and entities (the "Class"), defined as follows:

> All loan borrowers (1) who submitted to Citizens a "qualified written request," as defined by 12 U.S.C. § 2605(e)(1)(B), in the form of a Request for Information and/or Notice of Error, and (2) to whom Citizens refused to provide information, and instead directed them to contact Citizens's foreclosure attorneys in order to obtain the requested information and documents.

> Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

44. Plaintiff also brings this on behalf of a subclass of similarly situated individuals (the "Subclass") defined as follows:

> All loan borrowers (1) who submitted to Citizens a "qualified written request," as defined by 12 U.S.C. § 2605(e)(1)(B), in the form of a Request for Information and/or Notice of Error, (2) to whom Citizens refused to provide information, and instead directed them to contact Citizens's foreclosure attorneys in order to obtain the requested information and documents, and (3) who submitted to Citizens a second

"qualified written request," as defined by 12 U.S.C. § 2605(e)(1)(B), in the form of a Notice of Error related to Citizens's response.

Excluded from the Subclass are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Subclass; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

45. **Numerosity**: Upon information and belief, the Class is comprised of more than 40 members. This conclusion is reasonable because Citizens is a substantial mortgage provider in the country.

46. The Class is so numerous that joinder of all members is impractical. The exact number of members in the Class is presently unknown, can only be ascertained through discovery, and can easily be identified through Defendant's records or by other means.

47. **Commonality and Predominance:** All members of the Class have been subject to and affected by a uniform course of conduct: specifically, Citizens refusing to provide information in response to QWRs and instead directing them to contact Citizens's foreclosure attorneys in order to obtain the requested information and documents. There are questions of law and fact common to the proposed classes that predominate over any individual questions, including but not limited to:

   a. Whether Citizens is a mortgage "servicer" as defined by 12 CFR 1024.2(b) and/or 12 U.S.C. 2605(i)(2);

   b. Whether the Plaintiff and Class members sent QWRs to Citizens, as defined by 12 U.S.C. 2605(e)(1)(B);

    c. Whether Citizens's directing Plaintiff and Class members to contact Citizens's foreclosure attorneys in order to obtain the requested information and documents, as set forth in Citizens's uniform response to Plaintiff's and Class members' QWRs, is provided for under 12 CFR 1024.35(g)(1) or 12 CFR 1024.36(f)(1);

    d. Whether Citizens's uniform response to Plaintiff's and Class members' RFI's was compliant with 12 CFR 1024.36(d);

    e. Whether Citizens's uniform response to Plaintiff's and Class members' NOE's was compliant with 12 CFR 1024.35(e)(1).

48. **Typicality:** Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members were denied information to which they were entitled because Defendant unlawfully refused to produce information and documents, and Plaintiff and Class members incurred damages as a result.

49. **Adequacy:** Plaintiff will adequately represent the interests of the Class and does not have adverse interests to the Class. If individual Class members prosecuted separate actions it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct. A class action is the superior method for the quick and efficient adjudication of this controversy. Plaintiff's counsel has extensive experience litigating consumer class actions.

**COUNT ONE**
**VIOLATIONS OF 12 U.S.C. § 2605 AND 12 CFR § 1024.36**
**(On behalf Plaintiff and the Class)**

50. Plaintiff incorporates by reference paragraphs 1 through 49.

51. Plaintiff and Class members submitted QWRs to Citizens, as that term is defined by 12 U.S.C. § 2605(e)(1)(B). (*See*, Exhibits A and B).

52. Plaintiff's and Class members' QWRs requested specific information related to their loans, pursuant to 12 CFR § 1024.35 and 12 CFR § 1024.36.

53. Citizens failed to provide adequate responses to Plaintiff's and Class members' QWRs. Specifically, Citizens has not provided any of the requested materials concerning specific information related to Plaintiff's and Class members' loans or correct any of the asserted errors, as required by 12 CFR § 1024.35(e)(1), 12 CFR § 1024.36(d), and 12 U.S.C. § 2605(e)(2), but instead replied with form letters directing Plaintiff and Class members to contact Citizens's foreclosure attorneys in order to obtain the requested information and documents. (*See*, Exhibit C).

54. 12 CFR § 1024.35(g) and 12 CFR § 1024.36(f) did not, and do not, permit Citizens to direct Plaintiff and Class members to contact Citizens's foreclosure attorneys in order to obtain the information and documents requested in Plaintiff's and Class members' QWRs; rather, Citizens has the obligation to provide the requested information and documents itself.

55. Citizens's actions, in failing to fully respond to Plaintiff's and Class members' QWRs or correct any asserted errors in compliance with 12 U.S.C. § 2605(e)(2), 12 CFR § 1024.35(e)(1), and 12 CFR § 1024.36(d) or, alternatively, to state the reason under 12 U.S.C. §§ 2605(e)(2)(B)(i) or (C)(i), 12 CFR §1024.35(g), and 12 CFR §1024.36(f), pursuant to which Citizens determined that the borrower's account was correct or that Citizens did not need to comply with 12 U.S.C. § 2605(e)(2), 12 CFR § 1024.35(e)(1), or 12 CFR § 1024.36(d), constitute clear violations of the requirements of 12 U.S.C. §§ 2605(e)(2)(B)(i) and (C)(i), as interpreted by 12 CFR § 1024.35 and 12 CFR § 1024.36.

56. As a result of Citizens's refusal to provide the requested information and documents, in violation of its obligations under RESPA and Regulation X, Plaintiff and Subclass

members were required to send additional "qualified written requests," as that term is defined by 12 U.S.C. § 2605(e)(1)(B), in the form of subsequent NOEs. (*See*, Exhibits D and E).

57. Had Citizens adequately responded to Plaintiff's and Class members' initial QWRs, Plaintiff and Class members would not have needed to send subsequent NOEs regarding Citizens's erroneous refusal to provide the requested information and documents, in violation of its obligations under RESPA and Regulation X.

58. Plaintiff and Class members were harmed by Citizens's failure to adequately respond to their initial QWRs because, as set forth above, the time and expense associated with Plaintiff's and Class members' submission of those QWRs to Citizens "metamorphosed into damages." Additionally, Plaintiff and Subclass members were harmed by Citizens's failure to adequately respond to their initial QWRs because it required them to incur the time and expense associated with sending subsequent NOEs.

59. Citizens is hiding behind a baseless referral to its foreclosure attorneys in order to ignore its legal obligations to respond to Plaintiff's and Class members' QWRs.

60. Citizens's actions are believed to be the continuation of a pattern and practice of behavior in conscious disregard of the Plaintiff's and Class members' rights.

61. As a result of Citizens's actions, Citizens is liable to Plaintiff and Class members for actual damages, statutory damages, costs, and attorney fees. 12 U.S.C. §§ 2605(f)(2) and (3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff STANLEY FORD, individually, and on behalf of the Class and Subclass, prays for an Order as follows:

    A.    Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and/or Subclass defined herein;

B. Designating Plaintiff as representative of the Class and Subclass and his undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiff, the Class and Subclass against Defendant;

D. Awarding Plaintiff, the Class and Subclass their actual damages, statutory damages as allowed under RESPA, and punitive damages;

E. Awarding Plaintiff and the Class and Subclass attorneys' fees and costs, including interest thereon, as allowed or required by law; and

F. Granting all such further and other relief as this Court deems just and appropriate.

Respectfully submitted,

*/s/ Marc E. Dann*
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Daniel M. Solar (0085632)
DANNLAW
P.O. Box 6031040
Cleveland, OH  44103
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
*notices@dannlaw.com*

Thomas A. Zimmerman, Jr.
(*pro hac vice* anticipated)
Matthew C. De Re
(*pro hac vice* anticipated)
ZIMMERMAN LAW OFFICES, PC
77 W. Washington Street, Suite 1220
Chicago, IL 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
*tom@attorneyzim.com*
*matt@attorneyzim.com*

Counsel for the Plaintiff and Class

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues.

>/s/ Marc E. Dann
> Marc E. Dann (0039425)